IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ORLANDO DEAN HOBBS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) No. 3:20-cv-01077 |
| | ) |
| CLINTON BRYANT, | ) Judge Trauger |
| | ) |
|     Respondent | ) |

## MEMORANDUM AND ORDER

The petitioner seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2241. For the reasons explained below, his petition will be denied.

The petitioner pleaded guilty in the United States District Court for the Western District of Tennessee in February 2009 to a single count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Order Denying § 2255 Petition, *Hobbs v. United States of America*, No. 1:16-cv-01309 (W.D. Tenn. Mar. 27, 2020). The sentencing court determined that the petitioner's prior Minnesota convictions for two counts of simple robbery and one count of aggravated robbery constituted violent felonies under the Armed Career Criminal Act (ACCA) and sentenced him on May 28, 2009, to the 15-year statutory minimum required by 18 U.S.C. § 924(e), plus three years of supervised release. *Id.* at 2. The petitioner's multiple efforts to obtain relief pursuant to 28 U.S.C. § 2255 in the Western District and the United States Court of Appeals for the Sixth Circuit have failed. *Id.* at 2–3.

Most recently, the petitioner argued in the Sixth Circuit that "his prior robbery convictions could not serve as ACCA predicates and that he could not be convicted of being a

felon in possession of a firearm given the notice of restoration of his civil rights that he had recently received from the Minnesota Department of Corrections." *In re Orlando Dean Hobbs*, No. 20-5343, slip op. at 2 (6th Cir. Sep. 16, 2020). The Sixth Circuit denied the petitioner authorization to file a second or successive Section 2255 motion to assert that claim:

> The evidence on which Hobbs relies—the restoration of civil rights notice that the Minnesota Department of Corrections issued on February 15, 1995—was available to him at the time that he filed his first § 2255 motion and therefore is not "newly discovered." 28 U.S.C. § 2255(h)(1); *see In re McDonald*, 514 F.3d 539, 545 (6th Cir. 2008). And Hobbs concedes that his claims do not rely on a new rule of constitutional law. *See* 28 U.S.C. § 2255(h)(2).

*Id.* at 3.

The petitioner now repeats the same argument—that his confinement is unlawful based on the certificate of restoration of civil rights—in this court. (Doc. No. 1 at 4.) Having been denied the opportunity to seek relief on that claim pursuant to Section 2255, the petitioner seeks relief pursuant to Section 2241 and suggests that he should be permitted to do so because Section 2255 is inadequate or ineffective for his purposes. (*Id.* at 4.)

Ordinarily, "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). The petitioner in this case repeatedly references "[t]he manner in which my sentence was executed" and "the manner in which his detention is currently being executed" (Doc. No. 1 at 2, 4), but the substance of his petition clearly challenges either his conviction or his sentence or both. Specifically, he seems to suggest that the Minnesota restoration of his civil rights made his possession of a weapon lawful and/or eliminated the predicate offenses for his enhanced mandatory sentence under the ACCA.

2

An inmate may challenge his conviction or sentence pursuant to Section 2241 rather than Section 2255 only where a Section 2255 motion "is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), and "the remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire." *Truss v. Davis*, 115 F. App'x 772, 775 (6th Cir. 2004). "The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Id.*

It was formerly the law in this circuit that the only circumstance in which Section 2255 was deemed ineffective or inadequate to challenge an inmate's confinement was where the inmate stated a facially valid claim for actual innocence that would otherwise have been barred. *Id.* at 774. The Sixth Circuit recently explained the standard for such a challenge to a conviction itself:

> Where a petitioner asserts factual innocence based on a change in law, he may show that § 2255 provides an "inadequate or ineffective" remedy by proving "(1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner."

*McCormick v. Butler*, 977 F.3d 521, 525 (6th Cir. 2020) (quoting *Hill*, 836 F.3d at 594–95). In other words, "a prisoner may take advantage of this provision . . . where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute." *Dishman v. Shartle*, No. 09-CV-0321-KKC, 2010 WL 3825463, at *2 (E.D. Ky. Sept. 23, 2010). But it "does not apply where the prisoner failed to seize an earlier opportunity to correct a

3

fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief." *Id.*

In 2016, the Sixth Circuit held that a petitioner could also satisfy the Section 2255(e) savings clause and use Section 2241 to challenge the validity of a sentence enhancement by demonstrating three elements: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595.

But the petitioner does not rely on any new judicial interpretation of statutory law as required to challenge his conviction or sentence under Section 2241 pursuant to either of those precedents. Instead, he asserts a fundamental defect in his conviction and sentence under the law as it existed at that time. This is not a situation that entitles the petitioner to avoid the bar on second or successive Section 2255 actions by proceeding under Section 2241. *See*, *e.g.*, *Booker v. Saad*, No. 1:18-CV-0107, 2018 WL 2322853, at *2 (N.D. Ohio May 22, 2018) ("This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law[.]").

Moreover, the petitioner's basis for his assertion is a 1995 restoration of civil rights that the Sixth Circuit has already held is not "newly discovered," because it was previously available to him. *In re Orlando Dean Hobbs*, No. 20-5343, slip op. at 2 (6th Cir. Sep. 16, 2020). The petitioner maintains here, as he did in the Sixth Circuit, that he did not receive the notice of restoration until November 15, 2019, but the Minnesota Department of Corrections letter is addressed to him and dated February 15, 1995. (Doc. No. 1 at 9–10); Motion Under 28 U.S.C.

4

§ 2244 For Leave To File A Second Or Successive Motion at 6, *In re Orlando Dean Hobbs*, No. 20-5343 (6th Cir. May 4, 2020), Document 5-1. The Sixth Circuit clearly found that the alleged delayed receipt was insufficient reason to allow the petitioner to bring this challenge at this late date. Because reasonable diligence on the petitioner's part would have enabled him to discover and present the restoration of his civil rights during earlier proceedings, foreclosing the current claim does not constitute a miscarriage of justice.

Accordingly, the petitioner is not entitled to proceed with this claim under Section 2241, and this matter is **DISMISSED**. *See In re Joseph Howard Ortkiese*, No. 17-5595, slip op. at 3 (6th Cir. Mar. 16, 2018) (instructing that dismissal rather than transfer for consideration as a second or successive Section 2255 motion is proper after concluding petition was not properly filed under Section 2241). Because a Certificate of Appealability is not required for federal prisoners to appeal rulings in Section 2241 cases, *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (citing 28 U.S.C. § 2253(c)(1)(B)), the court need not address whether its decision in this case is debatable.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

5

Case 3:20-cv-01077   Document 7   Filed 01/27/21   Page 5 of 5 PageID #: 27